[Cite as *State v. Hudson*, 2013-Ohio-4967.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2013-T-0001** |
| ANTHONY J. HUDSON, | : | |
| Defendant-Appellee. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas, Case No. 2011 CR 00073.

Judgment: Reversed and remanded.

*Dennis Watkins,* Trumbull County Prosecutor, and *LuWayne Annos* and *Charles L. Morrow,* Assistant Prosecutors, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481-1092 (For Plaintiff-Appellant).

*Jeffrey J. Limbian,* The Commerce Building, Suite 346, 201 East Commerce Street, Youngstown, OH 44503 (For Defendant-Appellee).

THOMAS R. WRIGHT, J.

{¶1} Appellant, the state of Ohio, appeals from the trial court's decision to suppress all evidence taken from a search of a residence in which evidence was seized implicating appellee, Anthony J. Hudson, in the crime of possession of cocaine. At issue is whether the affidavit supporting a search warrant was facially sufficient to establish probable cause even though it was premised upon second-hand information and, even if it was not, does the "good faith exception" to the exclusionary rule operate

to save the evidence. For the reasons below, we reverse the trial court's judgment and remand the matter for further proceedings.

{¶2} In November 9, 2006, Detective William Felt, an investigator for the Trumbull, Ashtabula, and Geauga Counties ("TAG") Law Enforcement Task Force, was working in an undercover capacity with a confidential informant investigating a home in Warren, Ohio the occupants of which were suspected in drug trafficking. Detective Richard Tackett, a member of TAG and the Trumbull County Sherriff's Department, was the lead case agent supervising the investigation. On that date, Det. Felt and the informant met with an individual identified as "Ray" with whom they provided $60 of TAG "buy" money. The detective and the informant observed "Ray" enter the rear of a residence known as 1095 Miller, SW, Warren, Ohio. Approximately one minute later, they observed "Ray" return with three rocks of crack cocaine.

{¶3} Later that day, as a result of the undercover purchase, Det. Tackett prepared an affidavit for a search warrant of the residence from which "Ray" purchased the crack. The affidavit set forth Det. Tackett's qualifications as a drug interdiction investigator and set forth the facts of the transaction between Det. Felt, the confidential informant, and "Ray." In particular, the affidavit provided, in relevant part:

{¶4} On November 9, 2006, Detective William Felt of the TAG task Force was working in an undercover capacity with a confidential source. Felt and the Undercover source purchased three (3) pieces of crack cocain from a person known as "Ray". [sic]

{¶5} At approximately 11:47 a.m. on November 9, 2006, Det. Felt and the Confidential Source met "Ray" on Miller, SW, Warren Township,

2

Trumbull County, Ohio. Det. Felt and the Confidential Source gave "Ray" sixty dollars ($60.00) of TAG Confidential photocopied buy money for the purpose of "Ray" procuring crack cocaine.

{¶6} Det. Felt and the Confidential Source then observed "Ray" enter the rear door of a residence known as 1095 Miller, SW, Warren, Ohio (A photo of said location being attached hereto) and described as a white 11/2 story home with a black shingle roof and a roof over a stoop/porch and white awnings over the front two windows and a gray stone basement and stoop/porch. The attached photo shows the back door on the far left that Det. Felt and the Confidential Source observed "Ray" enter.

{¶7} Det. Felt and the Confidential Source observed "Ray" in the 1095 Miller, SW location for approximately one minute and "Ray" returned and provided three (3) pieces of crack cocaine to the Confidential Source in the presence of Det. Felt. The crack cocaine was secured by Det. Felt and was subsequently field tested by Affiant and was determined to be cocaine.

{¶8} Nothing in the affidavit indicated Det. Tackett had personal knowledge of the transaction nor did it set forth the source of the information upon which the detective based his averments.

{¶9} Det. Tackett presented the affidavit and warrant to a judge for review. After considering the averments in the affidavit and being assured by Det. Tackett that

3

the information within the instrument was true as he verily believed, the judge authorized the execution of the search warrant.

{¶10} On Monday, November 13, 2006, the search warrant was executed and, during a search of the residence located at 1095 Miller SW, Warren, Ohio, officers seized 27 grams of crack cocaine. As a result of the seizure, in February 2011, appellee, Anthony J. Hudson, was indicted on one count of possession of cocaine, a felony of the first degree, in violation of R.C. 2925.11(A) and (C)(4)(e).

{¶11} Appellee filed a motion to suppress the cocaine alleging the affidavit supporting the search warrant was insufficient to establish probable cause. Appellee asserted Det. Tackett's averments relating to the purchase were based entirely on hearsay information without any facts that would permit the issuing judge to conclude the information came from a reliable source. Because the affidavit was based entirely on foundationless hearsay testimony of Det. Tackett, appellee argued the truthfulness and veracity of the information included in the instrument could not serve as a proper basis for a probable cause determination. Thus, appellee concluded, the warrant was defective as a matter of law.

{¶12} On November 7, 2012, the matter came on for hearing before the trial judge. At the hearing, Det. Tackett testified that he was the supervising officer during the buy. Det. Tackett further stated that Det. Felt was working undercover during the purchase because Tackett's "face is well known in the area." Det. Tackett testified, however, he had worked with the confidential informant before and believed the informant to be reliable. The detective also testified he was able to visually witness the meeting between Det. Felt, the informant and "Ray" from afar. And he was able to listen

4

to conversations that occurred during the buy via a wire transmitter that was attached to the informant. Finally, Det. Tackett testified that, after the buy, Det. Felt advised him that he gave "Ray" the $60 "buy" money after which "Ray" entered 1095 Miller SW, Warren, Ohio, and returned with the drugs.

{¶13} After taking testimony, the trial judge granted the parties leave to file post-hearing briefs on the matter. No briefs were ultimately filed and, on December 17, 2012, the trial court granted appellee's motion to suppress. The court determined that "[t]he affidavit is based on second hand information held by the affiant with no assurance to the inquiring magistrate that the information was true of facts to assure the issuing magistrate that the affiant had reason to believe the statements were true." Thus, the trial court concluded the fruits obtained as a result of the search should be suppressed. The state filed a timely appeal pursuant to Crim.R. 12(K) and now assigns the following error for this court's review:

{¶14} "The trial court erred in granting defendant-appellee's motion to suppress."

{¶15} The state argues the trial court erred in granting appellee's motion because the issuing judge was entitled to consider hearsay information in rendering its probable cause determination. And when the hearsay information in the affidavit is considered in its totality, the state claims the affidavit provides more than an adequate basis for the probable cause finding. The state further contends that, even if there were questions regarding whether the affidavit established probable cause, the trial court erred in granting the motion because, when an inquiry is close, all doubts should be resolved in favor of the warrant. Finally, the state claims that even if the trial court erred in issuing the warrant without an adequate foundation to make the probable cause

5

ruling, such an error does not trigger the exclusionary rule because the warrant was authorized and executed in good faith.

{¶16} In determining whether there is probable cause for the issuance of a warrant, courts employ a "totality-of-the-circumstances" test. This requires the issuing judge or magistrate "to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit * * * including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *State v. George*, 45 Ohio St.3d 325, 329 (1989), quoting, *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

{¶17} With respect to second-hand or hearsay information, Crim.R. 41(C) states that a judge or magistrate may rely upon hearsay information, in whole or in part, when making his or her probable cause determination for purposes of issuing a warrant. If he or she so relies, however, "there [must be] a substantial basis for believing the source of the hearsay to be credible and for believing that there is a factual basis for the information furnished." Crim.R. 41(C)(2).

{¶18} Courts have noted that "'[o]bservations of fellow officers of the Government engaged in a common investigation are plainly a reliable basis for a warrant applied for by one of their number.'" *State v. Henderson*, 51 Ohio St.3d 54, 57 (1990), quoting *U.S. v. Ventresca*, 380 U.S. 102, 111 (1965); *see also Franks v. Delaware*, 438 U.S. 154, 165 (1978). In short, while it may be preferable that an affiant provide details from his or her own knowledge, practical considerations often demand the affiant rely on information provided by other sources. *State v. Taylor*, 82 Ohio App.3d 434, 442 (2d Dist.1992).

6

**{¶19}** When reviewing sufficiency of probable cause in an affidavit, neither a trial court nor an appellate court may "substitute [its] judgment for that of the issuing magistrate by conducting a de novo determination" as to the existence of probable cause. *George, supra*, at 330. A reviewing court's duty is simply to ensure that the judge or magistrate had a substantial basis for his or her probable cause determination. *Id.* at 329, citing *Jones v. United States*, 362 U.S. 257, 271 (1960). In other words, post hoc scrutiny should accord great deference to the issuing body's conclusion and doubtful cases should be resolved in favor of upholding the determination. *George, supra*, at 329, citing *Gates, supra*, at 236; *see also United States v. Ventresca*, 380 U.S. 102, 109.

**{¶20}** In this case, it is undisputed that the substance of the affidavit was based on hearsay information. And, although such information may permissibly set the foundation for an affidavit to obtain a search warrant, an issuing judge must be informed of some of the underlying circumstances of how the affiant obtained the information and why the affiant believes the information is reliable. Here, we neither know what information was hearsay nor what information, if any, was based personal knowledge; further, if all or part of the affidavit was premised upon hearsay, the affidavit fails to disclosed who supplied the information and we do not know Det. Tackett's basis relying on that source. Without drawing these connections, the issuing judge has no basis for assessing the credibility of the hearsay information upon which he or she is asked to make an independent probable cause ruling. Such foundational information is necessary and the attestations of an affiant regarding his or her belief in the veracity of the information cannot establish this connection; to permit such an arrangement would

7

be tantamount to placing the hearsay proponent in the chair of the judge thereby eliminating the constitutional mandate of objectivity in the issuance process.

{¶21} The affidavit in this case fails to provide any indication of how the hearsay information was gathered. And no such information was communicated to the issuing judge at the brief hearing during which Det. Tackett attested to his belief in the truth of the information in the affidavit. Although information from other police officers is considered "plainly reliable," the issuing judge had no way of knowing whether Det. Tackett acquired the information from Det. Felt, the unknown informant, or some other undisclosed medium. We therefore conclude the issuing judge had insufficient information, at the time he authorized the warrant, to evaluate of the credibility of the hearsay information upon which the probable cause finding was premised. In this regard, we discern no error in the trial court's judgment.

{¶22} Our inquiry, however, does not end with this conclusion. It is well-established that evidence obtained by a law enforcement officer acting in objectively reasonable reliance on a search warrant issued by a detached and neutral judge that is ultimately found to be invalid will not be barred by the application of the exclusionary rule. *See George, supra,* at paragraph three of the syllabus, citing *United States v. Leon,* 468 U.S. 897 (1984). In *Leon,* the United States Supreme Court stated that absent an "allegation that the magistrate abandoned his detached and neutral role, suppression is appropriate only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the in the existence of probable cause." *Id.* at 926.

8

{¶23} In this case, Det. Tackett testified that he was able to watch most of the interaction between Det. Felt, the informant, and "Ray." And, what he could not see, he was able to hear via electronic transmission. Det. Tackett further testified that, subsequent to the buy, Det. Felt related specific information that he personally witnessed; namely, "Ray" taking the $60 in TAG funds, entering the residence at issue, and returning with the crack cocaine. Finally, Det. Tackett testified he had worked with the informant that was used in this case and had found him reliable in previous buys.

{¶24} Given this evidence, we conclude there is no indication that Det. Tackett made false statements in the affidavit or recklessly disregarded the truth relating to the events precipitating the request for the warrant. And there is nothing in the record to suggest that Det. Tackett was deliberate or grossly negligent in failing aver the the manner in which he gathered the information; rather, given his testimony at the suppression hearing, it simply appears Det. Tackett's omission of the sources of information and his basis for believing him was simply an oversight. Furthermore, there is no indication the issuing judge was biased in issuing the warrant or otherwise abandoned his judicial role in authorizing the search. We therefore hold the search falls within the good faith exception to the exclusionary rule set forth in *Leon*, *supra*, and the fruits of the search should be admitted.

{¶25} In summary, we hold that although the trial court properly concluded that the affidavit supporting the search warrant failed to establish a foundation for the hearsay evidence upon which it was premised, it erred in suppressing the evidence obtained from the search as the good faith exception to the exclusionary rule applies to the facts of this case.

**{¶26}** Appellant's assignment of error is well-taken.

**{¶27}** For the reason discussed in this opinion, the judgment of the Trumbull County Court of Common Pleas is reversed and the matter remanded for further proceedings.

TIMOTHY P. CANNON, P.J.,

DIANE V. GRENDELL, J.,

concur.